1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YONIS ABDULKADIR AFRAH,<br><br>                                    Petitioner,<br>       v.<br>JANET NAPOLITANO,<br><br>                                    Respondent. | CASE NO. 16cv2368-WQH-NLS<br><br>ORDER |

HAYES, Judge:

       The matter before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) filed by Petitioner Yonis Abdulkadir Afrah.

**I. Background**

       Petitioner is a native of Somalia and a citizen of the Netherlands. (ECF No. 1 at 13). Petitioner alleges that he has been in DHS custody since December 28, 2012. (ECF No. 12 at 1). On December 28, 2012, the Department of Homeland Security ("DHS") served Petitioner with a notice to appear alleging that Petitioner was not a citizen or national of the United States, that Petitioner was admitted to the United States on March 5, 1998 as a refugee, and that Petitioner was denied an application for adjustment of status by USCIS. (ECF No. 1 at 15). DHS also alleged that Petitioner had been convicted and sentenced to confinement for multiple violations of the California Penal Code. *Id.* at 15. DHS charged Petitioner with removability on the basis of these convictions pursuant to sections 237(a)(2)(A)(iii) and 237(a)(2)(A)(ii) of the Immigration and Nationality Act ("the Act"). *Id.* at 16. The Immigration Judge denied a subsequent motion to reconsider (ECF No. 6-1 at 2-3) and the Board of

1 Immigration Appeals ("BIA") upheld the decision of the Immigration Judge that
2 Petitioner was removable. *Id.* at 12. Petitioner petitioned for review of the removal
3 order to the Ninth Circuit on January 29, 2016 and the matter remains pending.

4       On June 27, 2013, the Immigration Judge held a custody redetermination hearing
5 and denied Petitioner bond "on the ground of being a danger to the public." (ECF No.
6 1 at 15). On March 5, 2015, the Immigration Judge held a custody redetermination
7 hearing and granted Petitioner a bond in the amount of $10,000. *Id.* at 16. On April 27,
8 2016, the Immigration Judge granted Petitioner bond in the amount of $10,000 at a
9 further custody redetermination hearing. *Id.* The Immigration Judge explained that
10 under the totality of the circumstances "the $10,000 bond was appropriate due to
11 [Petitioner's] gang connections, his criminal history, and his behavior while detained."
12 *Id.* at 18. Petitioner filed an appeal to the BIA and the BIA dismissed the appeal. *Id.*
13 at 12-14.

14       On September 19, 2016, Petitioner filed a Petition for Writ of Habeas Corpus
15 pursuant to 28 U.S.C. § 2241 (ECF No. 1), a Motion for Leave to Proceed in Forma
16 Pauperis (ECF No. 4), and a Motion for Appointed Pro Bono Counsel. (ECF No. 3).
17 Petitioner challenges the decision of the Immigration Judge to set bond at $10,000.
18 (ECF No. 1 at 2). Petitioner contends he is "being detained by DHS in violation of the
19 laws and Constitution of the United States" and that the Immigration Court abused its
20 discretion in setting the "high bond amount." *Id.* at 2, 4-6. Petitioner contends he is an
21 indigent detainee "unable to pay a high bond amount of $10,000" and that this "[h]as
22 the effect of preventing his release because of an inability to pay." *Id.* Petitioner
23 contends the resulting "potentially permanent detention" is a violation of his rights. *Id.*

24       On September 23, 2016, the Court issued an order to show cause why the Petition
25 should not be granted and granted the application to proceed in forma pauperis. (ECF
26 No. 5). This Court ordered that any Return was to be filed no later than October 7,
27 2016 and that any Traverse was to be filed no later than October 24, 2016. *Id.*

28       On September 28, 2016, the Immigration Judge reviewed the bond and issued an

order granting Petitioner a bond of $1,500.  (ECF No. 6-1 at 13).  Petitioner waived his right to appeal this decision.  *Id.*

On October 7, 2016, Respondent[1] filed a Return to Petition.  (ECF No. 6). Respondent contends the Petition has been rendered moot because the Immigration Judge set bond at $1,500 on September 28, 2016 at a bond review hearing.  (ECF No. 6 at 3-4).  Respondent contends the bond is the statutory minimum allowed under 8 U.S.C. § 1226(a)(2)(A) and that Petitioner waived appeal to the BIA at the bond review hearing.  *Id.*

On October 27, 2016, the Court granted Petitioner's Motion to Appoint Counsel and appointed Victor N. Pippins as counsel for Petitioner.  (ECF No. 9).  Victor N. Pippins accepted the appointment on November 8, 2016.  (ECF No. 13).

On November 3, 2016, Petitioner filed a Traverse.[2]  (ECF No. 12).  Petitioner contends that he is indigent and unable to pay the $1,500 bond.  He contends that his "4 years continued detention is not authorized by statute" and that the Immigration Judge's decision to reduce the bond to $1,500 instead of "releasing the petitioner under appropriate conditions" is unreasonable and exhibits plain prejudice.  *Id.* at 5, 10.

On November 10, 2016, Petitioner filed a status report.  (ECF No. 14).  The Status Report states that the Traverse was filed without the assistance of counsel and that "it appears that the respondent's return may not address all relief requested by Mr. Afrah in his petition. Counsel is currently conducting legal research to ensure that no additional briefing is necessary, in addition to the arguments made by Mr. Afrah in his Traverse."  *Id.* at 2.

On November 14, 2016, the Court issued an order stating that "Petitioner shall

---

[1] The Petition names Janet Napolitano as Respondent. (ECF No. 1).  The Return to Petition was filed by the United States Attorney on behalf of "federal defendants." Respondent states that "Petitioner has named 'Janet Napolitano,' presumably intending to name the U.S. Attorney General, which is not a proper habeas respondent."  (ECF No. 6 at 4).  The Court reaches its decision on other grounds and does not address this argument.

[2] Petitioner filed the Traverse without the assistance of counsel and the Court accepted the filing nunc pro tunc as of October 28, 2016.  (ECF No. 12).

file any additional briefing by November 21, 2016. Respondent shall file any response to any additional briefing filed by Petitioner by November 28, 2016." (ECF No. 15).

The docket reflects that Petitioner did not submit any supplemental briefing. On November 28, 2016, Respondent filed a response to Petitioner's status report. (ECF No. 16).

On December 1, 2016, the Court heard oral argument on the Petition for Writ of Habeas Corpus. Counsel for Petitioner and Counsel for Respondents appeared. At the hearing, Counsel for Petitioner stated that the Petition is moot.

**II. Discussion**

A federal court may grant a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 if a federal petitioner can demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). The district court reviews bond hearing determination for constitutional claims and legal error. *Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011).

This Court concludes that the Petition was rendered moot by the Immigration Judge's September 8, 2016 decision to reduce the bond amount to $1,500. Petitioner challenges his detention on the grounds that the April 27, 2016 decision setting bond at $10,000 resulted in a potentially permanent detention in violation of his rights. This issue was resolved in the September 8, 2016 Order of the Immigration Judge reducing the bond amount to $1,500. Petitioner waived his right to appeal the $1,500 bond determination to the BIA. This Court concludes that the Petition for Writ of Habeas Corpus challenging the $10,000 bond is moot because it "no longer present[s] a case or controversy under Article III, §2 of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

///

///

///

**III. Conclusion**

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED.  Victor N. Pippins is relieved as appointed counsel for Petitioner.

DATED:  December 2, 2016

**WILLIAM Q. HAYES**
United States District Judge